## THE STATE v. TIEMAN.

1. **Practice:** DEMURRER: WAIVER. By filing an answer after the overruling of a demurrer, any error in the ruling is waived.

2. ———: AMENDMENT: CONTINUANCE. Sec. 2979, of the Revision, authorized the continuance of a cause upon the amendment of a pleading, only when the court should be satisfied that, by reason of such amendment, the other party could not be ready for trial.

3. **Criminal law:** SURETY. A surety for the appearance of one charged with an offense is not released from the obligation of his undertaking by a simple surrender of the accused to the sheriff, in the presence of the court. He is bound not only that the party bailed shall appear at the time and place specified, but also that he shall abide the order and judgment of the court, and not depart without leave.     •

4. ———: ———. The sheriff has no authority to receive and keep in custody one bailed, unless the latter is delivered to him as prescribed by statute, or placed in his custody in the presence of, and with the knowledge and sanction, or by the order of, the magistrate.

*Appeal from Des Moines District Court.*

TUESDAY, OCTOBER 6.

ON the 9th day of December, 1872, the plaintiff commenced this action, on an undertaking for the appearance of F. W. Corville before a justice of the peace on a charge of keeping a house of ill-fame, on which undertaking the defendant was surety.

The cause was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals. The further facts of the case are stated in the opinion.

*M. D. & H. O. Browning,* for appellant.

*M. E. Cutts, Attorney General,* for the State.

MILLER, CH. J.—The petition alleges that on the 26th day of October, 1872, an information was filed charging one F. W. Corville *et al.* with keeping a house of ill-fame; that a warrant was therefore issued; that on the 27th day of October, 1872, said Corville was duly arrested; that on said day he

was duly admitted to bail by W. A. How, a justice of the peace of Des Moines county, in the sum of $500 for his appearance on the following day, October 28th, 1872, before J. S. Dodge, a justice of the peace; that the defendant, Tieman, entered himself as surety for said Corville's appearance before said Dodge, justice, etc. A default and failure of Corville to appear are alleged.

I. A demurrer to the petition was filed and overruled by the court. This is the first ruling complained of by appellant. The error, if any, in this ruling was waived by the defendant answering the petition after his demurrer was overruled.

1. PRACTICE: demurrer: waiver.

II. The record recites that, on the trial, "the plaintiff introduced the original bond, to be read as evidence, to which defendant objected for a variance between the original and copy given in petition. Plaintiff asked leave to amend, which was granted. The bond was then read in evidence, to which the defendant excepted at the time. Defendant asked leave to amend his answer, and for a continuance. Continuance not granted. Defendant excepted." Appellant now complains of the refusal of the court to grant a continuance of the cause upon the amendment of plaintiff's petition. This action was tried under the Revision, section 2979, which provides that "when either party shall amend any pleading or proceeding, the case shall not be continued in consequence thereof, unless the court shall be satisfied by affidavit or otherwise, that the adverse party could not be ready for trial in consequence of such amendment." In this case there was no affidavit or other showing made as contemplated in this section of the statute, nor does it appear upon the face of the record that the defendant could not be ready for trial in consequence of the amendment. Without something to show the contrary, we must presume that the continuance was properly refused.

2. ——: ——: amendment: continuance.

III. On the trial counsel for defendant offered to prove that the defendant had Corville in his personal custody, and on the day for his appearance brought him into court and delivered him to the sheriff, in the presence of the court; that

defendant, among other spectators, was ordered to leave the court room while the examination was going on, leaving Corville, the prisoner, in charge of the court and sheriff, he himself being turned out, and that he never saw Corville afterward, he having escaped. This testimony was objected to, and the court refused to admit it, and defendant excepted. Thereupon the court instructed the jury as follows:

"The defendant, to relieve himself from the obligation of the bond in question, must bring himself within the provisions of Chapter 231 of the Revision of 1860; and if he does not bring himself within the provisions of this chapter, the testimony sought to be introduced before the court will be of no avail to him." To this instruction defendant also excepted, and urges these rulings as error.

The statute (section 4987 of the Revision,) provides that, "at any time before the forfeiture of their undertaking, the bail may surrender the defendant in their exoneration, or he may surrender himself to the officer to whose custody he was committed at the time of giving bail, in the following manner: 1. A certified copy of the undertaking of bail must be delivered to the officer, who shall detain the defendant in his custody thereon as upon a commitment, and must, by a certificate in writing, acknowledge the surrender. 2. Upon the undertaking and the certificate of the officer, the District Court in which the indictment is pending, or was tried, at the next term after the surrender, or if during term time, at the same term, and upon three clear days' notice thereof to the district attorney, with a copy of the undertaking and certificate, may order the bail to be exonerated."

It is not claimed that the defendant in this case attempted to surrender the person for whom he was bail in the *manner* prescribed in the statute, but he claims that he pro-

3. CRIMINAL LAW: surety. posed to prove that he did, in fact, deliver him to the sheriff, in the presence of the court, at the time he was bound to appear, and that, therefore, he was and is exonerated.

No copy of the undertaking is set out in the record, in which case we will be authorized to presume that it conformed to the requirements of the statute. Section 4968 of the

Revision gives a form for an undertaking before an indictment, the conditions of which are, in substance, that the defendant shall appear * * * "and abide the orders and judgment of the court, and not depart without leave of the same." The undertaking, therefore, not only obliged the party bailed to *appear* at the time and place named therein, but also to "*abide the orders and judgment* of the court, and *not depart* without leave." See *State v. Brown*, 16 Iowa, 314. The undertaking was not simply binding and obligatory until the defendant should *appear* at the time and place named, and such appearance, whether voluntary or involuntary, by being delivered by the surety to the sheriff at the time and place of appearance, did not, without more, terminate the obligation of the undertaking.

Again, the sheriff would have no authority to take or receive the defendant again into his custody, unless delivered to him in the manner pointed out in the statute, or unless delivered to him or placed in his custody in the presence of, and with the knowledge and sanction, or by order of the magistrate, for the undertaking being duly executed and accepted, the defendant was entitled to freedom from arrest except in a legal manner. In the offer made it was not proposed to show that the magistrate ordered the sheriff to receive Corville into his custody from the surety, or that he had any knowledge whatever that the surety had or intended to surrender him into the custody of the sheriff. The evidence rejected, if admitted, would have been insufficient to exonerate the appellant, and there was, therefore, no prejudicial error in its exclusion, and the judgment must be

AFFIRMED.