P. M. WOODRING AND J. P. HOWARD v. THE STATE.

No. 4048.   Decided February 26, 1908.

**1.—Scire Facias—Appearance Bond—Surrender of Principal.**

Under article 318, Code Criminal Procedure, it was necessary that a manual surrender by the sureties of their principal was made, in order that they be released from his appearance bond; and a mere promise that they would do so was not sufficient.

**2.—Same.**

The laws of this State provide but two modes in which bail can effect surrender of their principal: One being by surrendering him into the custody of the proper officer; and the other by making affidavit, and obtaining a warrant.

Appeal from the District Court of Hansford.   Tried below before the Hon. H. G. Hendricks.

Appeal from judgment final on an appearance bond, in the sum of $500.

The opinion states the case.

*Hoover & Taylor* and *Wiley & Harris*, for appellant.—On question of surrender of principal: Hughes v. State, 28 Texas Crim. App., 499; Whitener v. State, 38 Texas Crim. Rep., 146; Pattillo v. State, 9 Texas Crim. App., 456.

*F. J. McCord*, Assistant Attorney-General, for the State.—Cases cited in the opinion.

BROOKS, JUDGE.—Henry Stevens, as principal, and P. M. Woodring and J. P. Howard, as sureties, executed a bond to the State of Texas, in the sum of $500, conditioned for the personal appearance before the District Court of Hansford County, of Henry Stevens, to answer to the charge of theft of cattle. The principal, Stevens, failed to appear. Judgment nisi was entered up against him in the district court of said county, which judgment after proper citation was made final in a trial before a jury. Thereupon the above named sureties appealed to this court.

We find all the judgments, orders and citations in due conformity to law, and the only question argued by appellants, which we deem necessary to review, is whether the sureties, as disclosed by the evidence in this case, surrendered the principal in the bond, into the custody of the sheriff of the county. The facts show, in substance, that the sheriff had talked to the two sureties and made an agreement with them to meet them at a place where the sureties were to surrender the principal on said bond to the sheriff. The sureties did not meet him, and the sheriff merely wrote out a bond informing the principal that the sureties desired him to execute a new one. The sureties did not personally deliver the principal to the sheriff, nor were they

present at the time when the sheriff wrote out the bond and delivered it to the principal; nor did the sheriff make any attempt to take charge of the principal, but as far as the record in this case shows, he simply informed the principal that the sureties desired him to execute a new bond, and thereupon proceeded to draw up another bond for the principal, turned same over to him with the understanding that the principal would get other and different sureties upon same, which the principal never did. We hold that this was not a surrender within the contemplation of article 318 of the Code of. Criminal Procedure of this State, which reads as follows: "Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted." The above article comprehends a manual surrender, by the sureties of their principal, into the custody of the sheriff; and it is not contemplated that any process may be issued. The surrender of a principal by his sureties relegates him to the custody of the sheriff under the original capias, and no subsequent capias is essential to the legal detention of the prisoner. Whitener v. State, 38 Texas Crim. Rep., 146. The laws of this State provide but two modes in which bail can effect a surrender of their principal: one mode being by surrendering him into the custody of the sheriff of the county where he is prosecuted; and the other, by making affidavit of a desire to surrender him, and thereby obtaining an order for his arrest. A strict compliance with one or the other of the modes above indicated, is necessary to a valid surrender. Roberts et al. v. State, 4 Texas Crim. App., 129. In this case, however, there was no effort to get a warrant, but to make a surrender. We hold that the facts here. do not show any manual surrender of the principal into the custody of the sheriff, and hence the sureties were not absolved from the condition of the bond.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*