STATE, Respondent, v. CASEY, et al., Appellants.

(183 N. W. 971.)

(File No. 4854.   Opinion filed July 16, 1921.)

1.  Bail—Arrest, Surrender and Delivery to Authorities by Bail, Bail, How Exonerated Thereby—Whether Delivery to Officers Sufficient—Effect of Accused's Subsequent Absconding.

Under Sec. 4601, Rev. Code 1919, providing that any person charged with criminal offense and admitted to bail may be arrested by his bail, or by written authority indorsed on copy of recognizance, etc., bail may empower any officer or person, etc., to do so, whereupon such defendant shall be surrendered and delivered to sheriff, etc., who shall take him before any court, magistrate, etc., having jurisdiction, whereupon at request of bail, court shall recommit defendant and indorse on recognizance, etc., the discharge and exoneration of bail, held, that thereunder liability of bail continues until they have caused themselves to be released and exonerated by taking steps required therein; and they are not exonerated by arresting and placing defendant with and surrendering him to deputy sheriff, and by informing him they had arrested and surrendered accused for purpose of releasing themselves from further liability, said deputy having accepted custody and taken charge of accused with knowledge that he was so surrendered; the bail having informed deputy they were ready and willing to go with him before proper magistrate for further proceedings required to terminate their liability, deputy having informed them that magistrate could not then be found, whereupon they left accused in deputy's custody, who afterwards and while accused was endeavoring to furnish new bond, took him to a hotel and told him to stay there until morning when he would

either have to give new bond or be re-committed, accused having absconded by reason of carelessness and negligence of deputy.

2. **Same—Surrender of Accused By to Sheriff, Sheriff as Agent of Sureties.**

Under said statute the sheriff acts as agent of the sureties and not as an officer of the state or court, even though his statutory duty requires him to accept custody of accused when required by sureties.

3. **Same—Accused on Bail Deemed in Custody of Sureties—Sureties, Custody of Accused By Not Under Warrant—Same Rule Re Sheriff—Duty of Sureties Re Exoneration.**

An accused person admitted to bail is deemed transferred to friendly custody of sureties, and remains therein until discharged or recommitted; and when taken into custody by bail, is held under authority conferred upon bail by statute and not under warrant or process; likewise the sheriff holds under like authority when accused is committed to him by bail, under said statute, until order of discharge and exoneration of bail is endorsed on recognizance, etc., and sureties' duty is to see to it that every step be taken essential to his valid discharge, under order of exoneration and discharge entered pursuant to statute; and statute must be strictly followed by surety.

4. **Same—Arrest and Surrender of Accused by Bail, Whether Effective as Releasing Sureties.**

The arrest and surrender of accused by bail pursuant to said statute, and acceptance thereof by sheriff with full knowledge of the purpose of such arrest and surrender, do not release sureties.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by the State of South Dakota, against William Casey and C. J. Hollenback, to recover upon a bail bond. From an order sustaining a demurrer to the answer, defendants appeal. Affirmed.

*Spangler & Wire,* and *J. E. House,* for Appellants.

*Byron S. Payne,* Attorney General, *Vernon R. Sickel,* Assistant Attorney General, and *J. W. Jackson,* for Respondent.

(1) To point one of the opinion, Appellant cited: 3 R. C. L. 49, Secs. 58-9.

Respondent cited: State v. Breen, 6 S. D. 537; 5 Cyc. p. 47; 6 C. J. p. 1943; Cameron v. Burger, (Oreg.) 120 Pac. 10.

SMITH, J. Appeal from an order overruling plaintiff's demurrer to defendants' answer. One John Dillon was arrested

upon a criminal charge. Defendants became sureties upon his appearance bond. The accused failed to appear for trial, as required by the conditions of said bond or undertaking, whereupon, by proper proceedings in the trial court, said bond was duly declared forfeited, and the defendants, as sureties, required and directed to pay the penalty of such bond. Defendants neglected and refused to make such payment, whereupon this action was brought. Defendants' answer alleges that prior to the term of court at which the accused was required to appear for trial the defendants arrested the principal, John Dillon, took him into their actual custody, and turned him over and surrendered him to one Egan, a deputy sheriff of the county, and then and there informed said Egan that they had arrested and surrendered the accused for the purpose of releasing themselves from further liability upon said undertaking or bail; that said deputy sheriff accepted the custody and took charge of said Dillon, with full knowledge that the accused was surrendered for the purpose of releasing defendants from further liability as sureties; that defendants then and there informed said deputy sheriff that they were ready and willing to go with him, and requested him to take said Dillon before the proper magistrate as provided by statute for such further proceedings as might be required to terminate their liability; that they were informed by said deputy sheriff that the magistrate was out of town and could not then be found, whereupon defendants left said Dillon in custody of said deputy sheriff; that said deputy sheriff kept the accused in his custody while endeavoring to furnish a new bond until late at night, when said deputy took said Dillon to a hotel and told him to stay there until morning, when he would either have to give a new bond or be committed to jail; and that said Dillon absconded from said hotel by reason of the carelessness and negligence of said deputy sheriff.

Plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense, which demurrer was sustained. Defendants appeal.

The sole question presented is whether the facts alleged in the answer constitute a defense and are sufficient to defeat a recovery upon the bond or undertaking.

Section 4601, Rev. Code 1919, provides that:

"Any person charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the state; or by a written authority indorsed on a certified copy of the recognizance, bond or undertaking, the bail may empower any officer or person of suitable age and discretion to do so, whereupon such person shall be surrendered and delivered to the proper sheriff or other peace officer, who forthwith shall take such person before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail, the court, judge or magistrate shall recommit such person to the custody of the sheriff or other officer, and indorse on the recognizance, bond or undertaking, or certified copy thereof, after notice to the state's attorney, if no cause to the contrary appear, the discharge and exoneration of such bail; and the person so committed shall therefrom be held in custody until discharged by due course of law."

[1] This statute prescribes the mode in which sureties upon such an undertaking may be released from liability. Plainly their liability continues until they have caused themselves to be released and exonerated by taking the steps required by the statute.

[2] We are of the view that under this statute the sheriff acts as agent of the sureties, and not as an officer of the state or court, even though his statutory duty requires him to accept custody of the accused when required by the sureties on the bail bond.

"An accused person who is admitted to bail is considered as being transferred to the friendly custody of his sureties." 6 Corpus Juris, 1042, § 311.

[3] He remains in such custody until he is discharged or recommitted. Id. 952, § 166. The accused when taken into custody by his bail, is not held by authority of the warrant or process under which he was originally taken, but under the authority conferred upon such bail by the statute, and the sheriff into whose custody the accused is committed by his bail holds him under like authority, until a new commitment by the magistrate as provided in section 4601, supra, and until an order of discharge and exoneration of the bail is indorsed on the recognizance, bond, or undertaking, or certified copy thereof. And

in such case the sureties are chargeable with the duty of seeing to it that every step be taken that is essential to a valid discharge, and that an order of exoneration and discharge be made and entered as required by the statute.

In Edwards et al. v. State, 39 Okl. 605, 136 Pac. 577, the Supreme Court of that state, construing a statute identical with our own, said:

"The manner of the surrender of the principal is regulated by this statute. The general rule is that the provisions of the statute must be strictly followed by the surety seeking to be released from the bond."
—quoting with approval from Cameron, etc., v. Burger, 60 Or. 458, 120 Pac. 10, wherein that court said:

"The statute itself provides the manner in which a defendant may be surrendered and bail exonerated, and that is the rule to be observed. It excludes all other methods of reaching that result."

In discussing the proper construction to be placed upon statutes of this kind, the Supreme Court of Texas said:

"These are the modes, and the only ones known to our law. The procedure is fully and explicitly stated in the articles 2741 and 2750, inclusive, and, according to our construction, must be pursued strictly." (Roberts v. State, 4 Tex. App. 129.)

In U. S. v. Stevens (D. C.) 16 Fed. 101, it was held that, where the statute required an indorsement of exoneration of bail to be made by certain officers, the sureties were chargeable with the duty of seeing that such indorsement was made, and that such indorsement was the essential and exclusive evidence of a valid discharge.

In Berkstresser v. Commonwealth, 127 Pa. 15, 17 Atl. 680, it was held that, where the form and manner of surrender were prescribed by statute, a surrender in any other manner than that prescribed did not relieve the sureties from liability. The Texas statute differs from our own which requires a new commitment in that bail may surrender their principal to the sheriff who then holds him under the original commitment. Woodring et al. v. State, 53 Tex. Cr. R. 17, 108 S. W. 371; State v. Tieman, 39 Iowa, 474.

In State v. Breen et al., 6 S. D. 537, 62 N. W. 135, the de-

cisive question was whether the language of the undertaking was sufficiently comprehensive to require the accused to remain in attendance upon court at a subsequent term to which the case was continued. The bond was held sufficient to require his attendance at the subsequent term, and the sureties were held bound to produce him when his presence for trial was lawfully required. Incidentally the court remarked that:

"Under section 7610 of the Compiled Laws, they [the sureties] were, af any time after becoming his sureties, authorized to arrest him at any place within the state, or to empower any officer or person of suitable age and discretion to do so, and to surrender him to the proper authority, and thus require the court to discharge and exonerate them from further liability. As this was not done, defendants cannot escape liability."

[4] The arrest of the accused by his bail and his surrender to and acceptance by the sheriff, even though with full knowledge of the purpose of such arrest and surrender, do not operate as a release of the sureties. The class of cases (see Com. v. Skags. 152 Ky. 268, 153 S. W. 422, 44 L. R. A. [N. S.] 1065, and note) which hold that sureties on a criminal undertaking are not liable where the courts under some process or order take the accused into custody, and by so doing deprive the sureties of the right to arrest and surrender the principal and be thus released from liability, have no application in this case.

The order of the trial court is therefore affirmed.