STATE OF SOUTH DAKOTA, Appellant, v. DOUGLAS LAWRENCE et al, Respondents.

(195 N. W. 972.)

(File No. 5391, 5392.  Opinion filed November 27, 1923.)

Appeal from Circuit Court, Perkins County; HON. W. F. EDDY, Judge.

*Buell F. Jones*, Attorney General, *Ray F. Drewry*, Assistant Attorney General, and *C. M. Parsons*, States Attorney, for Appellant.

*McNulty & Campbell*, of Aberdeen, for Respondents.

GATES, J.  Upon petition for rehearing. The former opinion appears in 46 S. D. 599, 195 N. W. 441. It urged by the

state that we have definitely overruled State v. Casey, 44 S. D. 311, 183 N. W. 971, 15 A. L. R. 1521, because of the following sentence:

"The·situation at the time the sureties asked to be released from the bond must be viewed from the same standpoint as if Lawrence had not then [and there] been under arrest on the second charge, and as if the sureties had then and there brought Lawrence and surrendered him to the sheriff."

It was not the intention to overrule State v. Casey. The quoted sentence was intended to refer only to the time at which the sureties made their demand and not to what might or might not be done later.

"The effect of the second arrest and the commitment to jail of the accused was to take from the [sureties] the right and power to exercise that supervision and control over his actions and movements that they were entitled by law to have and exercise." Medlin v. Commonwealth, 11 Bush. (Ky). 605.

While in State v. Casey, supra, the sheriff was the agent of the sureties, in the present case the sheriff was not their agent, because the sureties were without authority over the prisoner.

The petition for rehearing is denied.

Note.—Reported in 195 N. W. 972. See Bail, 6 C. J. Sec. 313 (1925 Anno.).