OTTO PFEIL ET AL. V. THE STATE.

No. 14139.   Delivered April 15, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Petsch & Petsch,* of Kerrville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—This is an appeal by sureties from final judgment on a bail bond forfeiture. It appears from the record in this case that the appellants were sureties on the bail bond of one Joe Wimberly, defendant in cause No. 944, Criminal Docket of Menard county, Texas, where said Wimberly stands charged with a violation of the liquor law. The bond was in the sum of $1,500 and was given to secure the attendance of Wimberly before said district court, and upon his failing to appear at the time prescribed in the bond, the same was forfeited, and the judgment made final on the 8th day of October, 1930.

In the trial of the cause on said date, the appellants sought to show, as set out in their original answer that said bond was by them executed and delivered in the office of Alfred Klaerner, sheriff of Gillespie County (who at such time had the principal Wimberly under arrest) on the 15th

day of June, 1929; that said bond was received by said sheriff, approved and forwarded by him to the sheriff of Menard county. (2) That on the 24th day of June, 1929, appellants desiring to obtain a release from said bond, upon the advice of their attorney, surrendered said Wimberly to said Gillespie county sheriff; that said sheriff thereupon took said Wimberly into custody and informed the appellants that they were released upon their bond. (3) That thereafter said sheriff of Gillespie county received a new bond from said Wimberly, approved the same and forwarded such bond to the sheriff of Menard County, and that such bond was approved by the sheriff of Menard county and filed among the papers of the case.

The appellants, however, were not permitted to prove the facts set out in their answer for the reason that the court sustained the general exception of the state to the appellants' answer and entered final judgment thereon, to which the appellants excepted and from said action and judgment of the court they gave notice of appeal to this court. These facts are shown by bill of exception No. 1. Bill of exception No. 1 is qualified by the trial court as follows:

"The defendant, Joe Wimberly was never delivered by said sureties to the sheriff of the County where the prosecution against him was pending but was delivered, without authority of law to the sheriff of Gillespie County, who had no authority to receive him, and said bond was therefore never released and remained in full force."

The principal contention of appellants is that by the action above shown they were released from further liability from said bond because it was in substantial compliance with the provisions of the Code of Criminal Procedure regarding the subject and that they should have been allowed to prove said facts.

Under our statute there are two modes by which a principal may be surrendered by his bail. The first is that pointed out in article 282 of the Code of Criminal Procedure, which is as follows:

"Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff of the county where he is prosecuted."

Secondly under article 285, C. C. P., which provides:

"Any surety, desiring to surrender his principal, may upon making affidavit of such intention before the court or magistrate before which the prosecution is pending obtain from such court or magistrate a warrant of arrest for such principal, which shall be executed as in other cases."

In the case of Roberts et al. v. State, 4 Texas App., 129, the appellants in a sworn answer to the scire facias issued upon the judgment nisi rendered on the forfeiture of the appearance bond in that

case, made a motion to quash the bond, which the court overruled. The other portion of the answer, which was sworn to, set forth the fact that before the finding of the indictment against their principal, one of the sureties had delivered up the principal to the constable who had effected his arrest, and who had him in custody at the time of the execution of the appearance bond; and they claimed that they were released from further liability upon the bond by virtue of this surrender of their principal. The county attorney in that case demurred to the answer, and the court sustained the demurrer. Judge White in writing the opinion of the court, after setting out the provisions of the statute, which contained the same provisions as those which are in effect today, held that no officer save the sheriff can receive the accused from the hands of the bail when the surrender is proposed to be made by them of his person; that this is an authority which the law has not conferred upon constables or any other officer; that he must either be delivered up to the custody of the sheriff of the county where he is prosecuted, or a written affidavit must be made, and a warrant for his arrest obtained, which will be executed as in other cases, and held that there was no error in the ruling of the court sustaining the demurrer to appellant's answer and affirmed the judgment.

In the case of Woodring and Howard v. State, 53 Texas Crim. Rep., 17, 108 S. W., 371, the principal laid down in the case of Roberts v. State, supra, was upheld as the law in this state as to the surrender of a principal by his sureties on his bail bond, and holds that a strict compliance with one or the other of the modes indicated by the statute is necessary to a valid surrender and that it was necessary that a manual surrender by the sureties of their principal must be made in order that they be released from his appearance bond and because the facts in that case did not show any manual surrender of the principal into the custody of the sheriff of the county in which the prosecution was pending, the sureties were not absolved from the condition of the bond.

So far as we are able to ascertain these two cases have never been overruled in this state.

The case of Whitener v. State, 38 Texas Crim. Rep., 146, 41 S. W., 595, cited by appellants, merely holds that where a surety surrenders his principals as is provided by article 285, C. C. P., he may obtain from the court or magistrate before whom the affidavit is made a warrant for the arrest of such principal, and that the statute is not restrictive to the county of the prosecution, but authorizes process to issue to any county in the state.

In the case of Wells et al. v. State, 100 Texas Crim. Rep., 23, 271 S. W., 918, cited by appellants, the court merely passed upon a contention as presented by article 285 and not any contention that arose under article 282.

The case of Rachel et al. v. State, 102 Texas Crim. Rep., 97, 277 S. W., 649, cited by appellants, merely holds that if a surety whose principal was

confined in jail went to a deputy sheriff and stated that he surrendered his principal, such could be in effect a surrender of the principal under article 282, C. C. P., and that where there was a controversy over facts as to whether or not the surety surrendered his principal to the deputy sheriff while said principal was in jail, that such was a matter the trial court should have submitted to the jury under proper instructions.

The case of Lindley v. State, 17 Texas App., 120, cited by appellants, holds that subsequent to the defendant entering into a recognizance he made his appearance in the district court, was tried and convicted on an indictment for the theft of a mule, and that he appealed from the judgment and sentence to the court of appeals and remained in the county jail pending his appeal; that afterwards the judgment against him was reversed by the court of appeals and the sheriff refused to release defendant upon his recognizance upon which appellants were sureties and required him to execute a new bail bond, which he did, and the appellants claimed that on account of these acts and facts they became and were entirely released from all or any further liability on said recognizance and said opinion held that it was error to sustain the state's demurrer to this part of the answer, holding that the answer presented a good defense to the state's right of action on recognizance if the allegations were true and that for the purpose of the demurrer, they must be taken as true.

It is true that in one or two of the cases cited it has been said that the statute is to be liberally construed, but none of said cases cited overrule the holdings of the court in the cases of Roberts et al. v. State, and Woodring and Howard v. State, supra, and we have found no authority contrary to the doctrine stated in said cases. We believe the same is the law and is against the contention of the appellants in this case and that in order for the sureties to relieve themselves of their obligations upon said bond, they should have surrendered the accused into the custody of the sheriff of the county where he was prosecuted. We are therefore of the opinion that the judgment of the lower court should be in all things affirmed and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Able counsel for appellants make a well reasoned and appealing argument in their motion for rehearing, but cite no authorities, which latter fact may be accounted for on the proposition that none can be found. It is true that the accused was in custody of the sheriff of Gillespie county by virtue of a capias from Menard county,

when the bail bond,—liability upon which is the issue here,—was executed. The prosecution against said accused was pending in Menard county. It is also true that purposing to surrender said accused, his bondsmen made manual surrender of his person to the sheriff of Gillespie county.

Said accused was not returned to jail or custody in Menard county, and the only question here is the legality of such attempted surrender to the sheriff of Gillespie county. The statute on the subject, article 282, C. C. P., is set out in our original opinion, and it in so many words requires that sureties make manual surrender of their principal, in order to obtain relief from their obligation, *into the custody of the sheriff of the county where he is prosecuted.* It is appealing to say that these sureties returned this principal to the custody of the same officer by whom he was held when they made his bond, but as stated in U. S. v. Stevens, 16 Fed., 101: "It is a sufficient reply to the very able argument of counsel for the defendants * * * that the statute imposes another rule." When the statute prescribes the manner in which the principal in a bail bond may be surrenderd by his sureties, the statutory method must be strictly followed. Edwards v. State, 39 Okla., 605, 136 Pac., 577; Cameron v. Burger, 60 Ore., 458, 120 Pac., 10; State v. Tieman, 39 Ia., 474; Berkstresser v. Com., 127 Pa., 15, 17 Atl., 680; Perkins v. Terrell, 1 Ga. App., 250, 58 S. E., 133; Lee v. State, 51 Miss., 665; State v. Miller, 109 La., 27, 33 So., 57; State v. Reames, 136 La., 48, 66 So., 393.

Analyzing the Roberts case, 4 Texas App., 129, cited in our opinion, and differentiated by appellants in their motion for rehearing, it appears to us to be a case of exact similarity in principle, facts and legal announcement, to the case at bar. In that case the accused was arrested by a constable, presumably upon a capias issued by some magistrate in a case whose further progress awaited indictment, for it is stated in the opinion that after arrest and "before the finding of the indictment," the accused was delivered back to the constable who had effected his arrest, and who had him in custody when bond was executed;—facts almost identical with those of the instant case. Having manually delivered the accused back to the officer from whose custody he was released upon their execution of his bail bond, the sureties in that case, when the bond was forfeited and they were called upon to pay or show cause why they should not, pleaded the above facts as a defense. The state's attorney in said case demurred to the plea, and the demurrer was sustained by the trial court and by this court on appeal. Exactly so is the case before us. The sureties found the accused in the custody of the sheriff of Gillespie county, he having arrested the accused upon a capias issued from Menard county where the prosecution was pending, but which capias was legally directed to the sheriff of any county in Texas. The sureties made his bond, which was approved by the sheriff of Gillespie county evidently under the provisions of article 288, C. C. P., and said accused was released from custody.

Evidently thereafter when these appellants,—sureties on said bond,—wished release therefrom they, as did the bondsmen in the Roberts case, supra, thought it proper, and that they would be released by returning the accused to the custody of the officer who had him in custody *when they made his bond,* but this court in the Roberts case, supra, quoted what is now our article 282, C. C. P., and made emphatic in their opinion the words "of the sheriff" of the county where he was prosecuted, and further stated in said opinion that the statutory procedure *"Must be pursued strictly."*

In Woodring et al. v. State, 53 Texas Crim. Rep., 17, another method of surrender provided by article 285 of our Code of Criminal Procedure was before the court,—and both methods were adverted to with the statement in the opinion as follows: "A strict compliance with one or the other of said modes above indicated, is necessary to a valid surrender." Such is the holding in the authorities first above cited.

Believing ourselves without right or power to do otherwise than follow the plain mandate of the statute, the motion for rehearing will be overruled.

*Overruled.*