COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-135-CV

 

 

JOHN GILMORE, SURETY                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In a single point, John Gilmore complains of
error by the trial court in granting a summary judgment for the State of Texas
regarding the forfeiture of a bond posted by surety Gilmore on behalf of
principal Julian Martinez.  We affirm.








II. 
Background

This is the case of the missing Martinez.  Gilmore, as surety, entered into a criminal
bail bond on January 9, 2003, to secure the release of Martinez from the
Tarrant County Jail.  The $50,000 bond
amount was to ensure the personal appearance and answer of Martinez in a
criminal case filed in Criminal District Court No. 3 (CDC 3) regarding the
possession of a controlled substance with intent to deliver.  The first appearance in the case was set for
April 7, 2003, but there is no notation in the record that Martinez failed to
appear on that date.  On May 9, 2003,
Gilmore filed and presented to the judge of CDC 3 an Affidavit for Release of
Surety (AFRS) pursuant to article 17.19 of the Texas Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 17.19 (Vernon 2005).  The judge declined to sign the AFRS.  According to documents attached to Gilmore=s
response to the State=s reply to Gilmore=s Motion
for Summary Judgment, Martinez failed to appear at the May 12, 2003
announcement docket, the bond was held to be insufficient, a warrant issued for
Martinez=s
arrest, and the trial court judge placed a Ahold@ on
him.  On June 23, 2003, Martinez again
failed to appear and the bond was declared forfeited.  On July 9, 2003, the trial court entered a
judgment nisi for the $50,000 bond amount plus costs in favor of the State of
Texas and against Gilmore and Martinez.








Citation was issued giving notification of the
bond forfeiture, and Gilmore filed an answer to the judgment nisi.  Gilmore and the State then filed competing
summary judgment motions regarding the validity of the bond forfeiture based on
the AFRS=s
compliance, or lack of compliance, with the statutory requirements.  After the trial court granted the State=s motion
and denied Gilmore=s, the State agreed to Gilmore=s motion
for new trial.  An order granting the new
trial was signed on November 4, 2004, and the case was transferred to the 372nd
District Court.  The competing summary
judgment motions were reurged, and again the State=s motion
for summary judgment was granted and Gilmore=s
denied, with findings of fact and conclusions of law being made.  This appeal followed. 

III. The Affidavit for Release of Security

A. The Conclusion of Law








The single conclusion of law made by the trial
court held that the AFSR failed to state the offense for which Martinez was
bonded and therefore did not comply with all mandatory requirements of article
17.19; hence, Gilmore could not rely on the affirmative defense of the AFRS and
the bond was properly forfeited.  The
single issue before this court is whether substantial compliance with the
statutory requirements of article 17.19 is sufficient so that the trial court
abused its discretion by not signing the AFRS when it was presented, thereby
leading to the bond forfeiture.  We hold
that substantial compliance is not sufficient.

B. Analysis








The pertinent statutory provision in issue reads
as follows:  AAny
surety, desiring to surrender his principal . . . may file an affidavit of such
intention. . . . The affidavit must state . . . the offense with which
the defendant is charged . . . .@  Tex. Code
Crim. Proc. Ann. art. 17.19(a)(3) (emphasis supplied).  The statute goes on to provide the surety an
affirmative defense to liability on the bond if the court Arefused
to issue a warrant of arrest or capias for the principal@ and the
principal subsequently failed to appear. 
Id. art. 17.19(b)(1)(2). 
Gilmore argues that if the legislature had meant that sureties must
comply with all six parts of 17.19(a) before the affirmative defense was
available to them, the legislature would have used the word Ashall@ instead
of Amust@ in the
statute.  According to Gilmore, the term Amust@ does
not have the imperative or mandatory sense of the term Ashall.@  Unfortunately, he does not favor this court
with any case authority for such a proposition. 
@>Must= and >shall= are
synonymous and are usually mandatory when used in statutes.@  Brinkley v. State, 167 Tex. Crim. 472,
320 S.W.2d 855, 856 (1958).  AUnless
the legislature clearly intended otherwise, words used in statutes should be
given their ordinary, reasonable meaning. 
The ordinary meaning of >shall= or >must= is of a
mandatory effect . . . .@ 
Wright v. Ector County ISD, 867 S.W.2d 863, 868 (Tex. App.CEl Paso
1993, no writ).  The legislature required
that six separate items be included in the AFRS.  Further, strict construction of bond
forfeiture statutory language is the rule.  Hernandez v. State, 600 S.W.2d 793, 794-95
(Tex. Crim. App. 1980); Austin v. State, 541 S.W.2d 162, 164 (Tex. Crim.
App. 1976); Hernden v. State, 865 S.W.2d 521, 523 (Tex. App.CSan
Antonio 1993, no pet.); see also Pfeil v. State, 118 Tex. Crim. 124, 40
S.W.2d 120, 123 (1931); Wohr v. State, No. 05-96-00719-CV, 1997 WL
277989, at *2 (Tex. App.CDallas May 28, 1997, pet. ref=d).  Hence, we hold that because Gilmore did not
meet the statutory requirements necessary for a proper AFRS, the trial court
properly concluded that Gilmore cannot avail himself of the affirmative defense
provided in the statute.  We overrule
Gilmore=s single
point.

III. Conclusion

Having overruled Gilmore=s single
point, we affirm the trial court=s  judgment.

 

BOB
MCCOY

JUSTICE

PANEL A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: February 9, 2006











[1]See Tex. R. App. P. 47.4.