GILMORE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-135-CV

JOHN GILMORE, SURETY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In a single point, John Gilmore complains of error by the trial court in granting a summary judgment for the State of Texas regarding the forfeiture of a bond posted by surety Gilmore on behalf of principal Julian Martinez.  We affirm.

II.  Background

This is the case of the missing Martinez.  Gilmore, as surety, entered into a criminal bail bond on January 9, 2003, to secure the release of Martinez from the Tarrant County Jail.  The $50,000 bond amount was to ensure the personal appearance and answer of Martinez in a criminal case filed in Criminal District Court No. 3 (CDC 3) regarding the possession of a controlled substance with intent to deliver.  The first appearance in the case was set for April 7, 2003, but there is no notation in the record that Martinez failed to appear on that date.  On May 9, 2003, Gilmore filed and presented to the judge of CDC 3 an Affidavit for Release of Surety (AFRS) pursuant to article 17.19 of the Texas Code of Criminal Procedure
.  Tex. Code Crim. Proc. Ann.
 art. 17.19 (Vernon 2005).  The judge declined to sign the AFRS.  According to documents attached to Gilmore’s response to the State’s reply to Gilmore’s Motion for Summary Judgment, Martinez failed to appear at the May 12, 2003 announcement docket, the bond was held to be insufficient, a warrant issued for Martinez’s arrest, and the trial court judge placed a “hold” on him.  On June 23, 2003, Martinez again failed to appear and the bond was declared forfeited.  On July 9, 2003, the trial court entered a judgment nisi for the $50,000 bond amount plus costs in favor of the State of Texas and against Gilmore and Martinez.

Citation was issued giving notification of the bond forfeiture, and Gilmore filed an answer to the judgment nisi.  Gilmore and the State then filed competing summary judgment motions regarding the validity of the bond forfeiture based on the AFRS’s compliance, or lack of compliance, with the statutory requirements.  After the trial court granted the State’s motion and denied Gilmore’s, the State agreed to Gilmore’s motion for new trial.  An order granting the new trial was signed on November 4, 2004, and the case was transferred to the 372nd
 District Court.  The competing summary judgment motions were reurged, and again the State’s motion for summary judgment was granted and Gilmore’s denied, with findings of fact and conclusions of law being made.  This appeal followed. 

III. The Affidavit for Release of Security

A. The Conclusion of Law

The single conclusion of law made by the trial court held that the AFSR failed to state the offense for which Martinez was bonded and therefore did not comply with all mandatory requirements of article 17.19; 
hence, Gilmore could not rely on the affirmative defense of the AFRS and the bond was properly forfeited.  The single issue before this court is whether substantial compliance with the statutory requirements of article 17.19 is sufficient so that the trial court abused its discretion by not signing the AFRS when it was presented, thereby leading to the bond forfeiture.  We hold that substantial compliance is not sufficient.

B. Analysis

The pertinent statutory provision in issue reads as follows:  “Any surety, desiring to surrender his principal . . . may file an affidavit of such intention. . . . The affidavit 
must
 state . . . the offense with which the defendant is charged . . . .”
  Tex. Code Crim. Proc. Ann.
 art. 17.19(a)(3) (emphasis supplied).  The statute goes on to provide the surety an affirmative defense to liability on the bond if the court “refused to issue a warrant of arrest or capias for the principal” and the principal subsequently failed to appear.  
Id.
 art. 17.19(b)(1)(2).  Gilmore argues that if the legislature had meant that sureties must comply with all six parts of 17.19(a) before the affirmative defense was available to them, the legislature would have used the word “shall” 
instead of “must” in the statute.  According to Gilmore, the term “must” does not have the imperative or mandatory sense of the term “shall.”  Unfortunately, he does not favor this court with any case authority for such a proposition.  ”‘Must’ and ‘shall’ are synonymous and are usually mandatory when used in statutes.”  
Brinkley v. State
, 167 Tex. Crim. 472, 320 S.W.2d 855, 856 (1958).  “Unless the legislature clearly intended otherwise, words used in statutes should be given their ordinary, reasonable meaning.  The ordinary meaning of ‘shall’ or ‘must’ is of a mandatory effect . . . .”  
Wright v. Ector County ISD
, 867 S.W.2d 863, 868 (Tex. App.—El Paso 1993, no writ).  The legislature 
required
 that six separate items be included in the AFRS.  Further, strict construction of bond forfeiture statutory language is the rule. 
 Hernandez v. State
, 600 S.W.2d 793, 794-95 (Tex. Crim. App. 1980)
; Austin v. State, 
541 S.W.2d 162, 164 (Tex. Crim
. 
App. 1976)
; Hernden v. State
, 865 S.W.2d 521, 523 (Tex. App.—San Antonio 1993, no pet.)
; 
see also Pfeil v. State
, 118 Tex. Crim. 124, 40 S.W.2d 120, 123 (1931); 
Wohr v. State, 
No. 05-96-00719-CV
, 1997 WL 277989, at *2 (Tex. App.—Dallas May 28, 1997, pet. ref’d).  
Hence, we hold that because Gilmore did not meet the statutory requirements necessary for a proper AFRS, the trial court properly concluded that Gilmore cannot avail himself of the affirmative defense provided in the statute.  We overrule Gilmore’s single point.

III. Conclusion

Having overruled Gilmore’s single point, we affirm the trial court’s  judgment.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: February 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.