STATE, Appellant, v. LAWRENCE et al, Respondents.

(195 N. W. 441.)

(File Nos. 5391, 5392.   Opinion filed October 18, 1923.)

1. **Bail—Criminal Law—Principal and Surety—Acts of Sheriff and of Sureties on Bail Bond Held Substantial Compliance with Statute, So as to Release Sureties.**

   Assuming that defendants, by reason of L.'s release from custody, were liable as sureties on L.'s bail bond, notwithstanding Rev. Code 1919, Secs. 4598, 4599, were not fully complied with, they were released from liability, under section 4601, when L. was rearrested on another charge and placed in custody of the same sheriff, who, on being informed by the sureties of their desire to surrender L., promised to take all necessary steps.

2. **Bail—Sheriffs—Criminal Law—Failure of Sheriff to Take Prisoner to Court or Magistrate on Surrender, Held Not Chargeable Against Sureties.**

   Failure of the sheriff to take a prisoner to the court or magistrate having jurisdiction, on the surrender of the prisoner by his sureties, as provided in Rev. Code 1919, Sec. 4601, held not chargeable against the sureties.

Appeal from Circuit Court, Perkins County; Hon. W. F. Eddy, Judge.

Action by the State against Douglas Lawrence and others. From a judgment of dismissal, the State appeals. Affirmed.

*Buell F. Jones,* Attorney General, *Ray F. Drewry,* Assistant Attorney General, and *C. M. Parsons,* State's Attorney, of Bison, for Appellant.

*McNulty & Campbell,* of Aberdeen, for Respondents.

(1) To point one of the opinion, Appellant cited: State v. Edney, 60 N. C. 463; Ewing v. United States, 240 Fed. 252; State v.Benzion, 79 Ia. 470; Jones v. Gordon, 82 Ga. 570, 9 S. E. 784; Smith v. Spencer, 63 Ga. 702; Dennard v. State, 2 Ga. 137; Park v. State, 4 Ga. 329; Adams v. Governor, 22 Ga. 417; State v. Bowman, 30 La. Ann. 628; Haney v. People (Colo.), 21 Pac. 39; State v. Brockhaus, 72 Conn. 117, 43 Atl. 850; Sauskelonis v. Herting (Conn.), 94 Atl. 368; State v. Brun, 6 S. D. 537; State v. Casey, 44 S. D. 316.

Respondent cited: Oklahoma v. Thacker, 15 Okla. 203, 82 Pac. 572, 1 L. R. A. (N. S.) 848; State v. Casey, 44 S. D. 311. 183 N. W. 971, 15 A. L. R. 1521; Territory ex rel Tacker v. Woodring, 15 Okla. 203, 82 ac. 572, 1 L. R. A. (N. S.) 849; United States v. Hudson, 65 Fed. 68; United States v. Goldstein, 1 Dill. 413, Fed. Cas. No. 15, 226; United States v. Horton, 2 Dill. 94, Fed Cas. No. 15, 393; United States v. Hand, 6 McLean 274, Fed. Cas. No. 15, 296; State v. Winninger, 81 Ind. 51; Morrow v. State, 5 Kan. 563; State v. Caldwell, 124 Mo. 509, 28 S. W. 4; State v. Randolph, 26 Mo. 213; State v. Ferguson, 50 Mo. 409; State v. Watson, 54 Mo. App. 416; Brasfield v. Mayor, 155 S. W. 926, 44 L. R. A. (N. S.) 1150; State v. Anderson, 119 Ia. 711, 94 N. W. 208.

(2) To point two, Appellant cited: State v. Casey, 44 S. D. 311, 183 N. W. 971; State v. Edwards, 136 Pac. 577, 39 Okla. 605; Rev. Code 1919, Sec. 4601; Ables v. State, 193 Pac. 969; Andrews v. State, 193 Pac. 873; Shriver v. State, 122 Pac. 160; State v. Hines, 131 Pac. 688, Ann. Cas. 1915B, 431; Hines v. State, 136 Pac. 592; Lawrence v. Mason, 166 Pac. 133; Melton v. State, 46 Okla. 487, 149 Pac. 154.

Respondent cited: Smith v. Kitchens, 51 Ga. 158, 21 Am. Rep. 232; State v. Oraler, 48 Ia. 343; People v. McReynolds, 102 Cal. 308, 36 Pac. 590; State v. Holmes, 23 Ia. 458; Commonwealth v. Coleman (Ky.), 2 Met. 382; Commonwealth v. Skaggs, 152 Ky. 268, 153 S. W. 422, 44 L. R. A. (N. S.) 1064; 10 R. C. L., Sec. 25, p. 697; Tollerton & Stetson Co. v. Casperson, 7 S. D. 206, 63 N. W. 908.

GATES, J. This is an action against the principal and sureties upon an instrument, in form a bail bond, running to the state. The trial court held that the sureties were not liable upon said

instrument and entered judgment dismissing the action. Therefrom the state appeals.

[1] The principal, Lawrence, was arrested upon a criminal charge and bound over to the circuit court on January 27, 1921, by a justice of the peace of Perkins county, and his bail was fixed at $1,000. He remained in the custody of the sheriff until March 7, when said bail bond was executed by the principal and two sureties, and an affidavit of justification by the sureties before a notary public was attached thereto. This was delivered to the sheriff, who approved the same, and he thereupon released Lawrence from custody, and on March 8 he filed the bond in the office of the clerk of the circuit court. No order discharging Lawrence from custody was ever made by any justice or any court. On March 18, 1921, he was again arrested by the sheriff upon another charge. On March 21, while Lawrence was in the custody of the sheriff under the second arrest, the sureties went to the sheriff and stated to him that they desired to be released from said bail bond, and desired to surrender Lawrence to the sheriff, and the sheriff thereupon stated to the sureties that he would see that they were released from any obligation on said bail bond; that it was in his possession, and that he would take all steps necessary to release them and return to them the bond. Nothing further was done by the sheriff or the sureties towards securing a discharge of the bail bond. Thereafter, and prior to May 17, 1921, Lawrence escaped from the custody of the sheriff.

Sections 4598 and 4599, Rev. Code 1919, provide:

"Sec. 4598. *Qualification and Justification of Sureties.* The qualifications of bail are the same as those in civil cases, and the sureties must in all cases justify by affidavit taken before the magistrate, court or judge, that they each possess those qualifications.

"Sec. 4599. *Discharge of Defendant.* Upon the allowance of bail and the execution of the requisite recognizance, bond or undertaking to the state, the magistrate, judge or court must, if the defendant is in custody, make and sign an order for his discharge, upon the delivery of which to the proper officer the defendant must be discharged."

Manifestly the sheriff had no authority to release Lawrence from custody without a court order, nor had be authority to approve the bond. Section 4601, Rev. Code 1919, provides:

"Sec. 4601. *Defendant May Be Arrested by His Bail.* Any person charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the state; or by a written authority indorsed on a certified copy of the recognizance, bond or undertaking, the bail may empower any officer or person of suitable age and discretion to do so, whereupon such person shall be surrendered and delivered to the proper sheriff or other peace officer, who forthwith shall take such person before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail, the court, judge or magistrate shall recommit such person to the custody of the sheriff or other officer, and indorse on the recognizance, bond or undertaking, or certified copy thereof, after notice to the state's attorney, if no cause to the contrary appear, the discharge and exoneration of such bail; and the person so committed shall therefrom be held in custody until discharged by due course of law."

Manifestly there was no literal compliance with the provisions of this section. It is the contention of the state that the bond became enforceable, notwithstanding the noncompliance with the requirements of said sections 4598 and 4599. The argument in substance is that the release of Lawrence was a sufficient consideration for the bond, and that the requirements of statute not complied with were but directory, and not mandatory. There seems to be a conflict of authority upon this question, but for the purpose of this case we shall assume, without deciding, the state's contention to be sound. Nevertheless we must concur in the judgment of dismissal, because under the circumstances the acts and statements of the sureties and the sheriff amounted to a substantial compliance with the provisions of section 4601, supra, in so far as the sureties are concerned.

[2] The situation at the time the sureties asked to be released from the bond must be viewed from the same standpoint as if Lawrence had not then been under arrest on the second charge, and as if the sureties had then and there brought Lawrence and surrendered him to the sheriff. They could not then produce and surrender him, because he was then under the control of the state, and in the hands of the very officer to whom they otherwise would and should have surrendered him. They

did not present to the sheriff a certified copy of the bond, it is true; but that would have been superfluous, because the sheriff told them he had the original. It was the sheriff's duty, not that of the sureties, to thereupon forthwith take the prisoner to the court or magistrate having jurisdiction. This he did not do, but under the circumstances such neglect cannot be charged to the sureties. The same argument which would sustain the liability of the sureties on the bond, even though sections 4598 and 4599, supra, were not fully complied with, ought to sustain the validity of the release of the sureties under the circumstances of the case.

The judgment appealed from is affirmed.

Note.—Reported in 195 N. W. 441. See, Headnote (1), American Key-Numbered Digest, Bail, Key-No. 80, 5 C. J. Secs. 313, 314; (2) Bail, Key-No. 80, 5 C. J. Sec. 313.