**RACHEL et al. v. STATE.  (No. 9478.)**

(Court of Criminal Appeals of Texas.  Nov. 11, 1925.)

**1. Bail ⚖️➔80—Sureties may relieve themselves by delivering principal to sheriff or by obtaining warrant.**

Under Vernon's Ann. Code Cr. Proc. 1916, arts. 330, 333, sureties on bail bond may relieve themselves by delivering principal to sheriff in person or by obtaining warrant of arrest.

**2. Bail ⚖️➔80—If surety tells officer he surrenders principal while principal is in jail, such is surrender of principal.**

If surety, whose principal was confined in jail, went to deputy sheriff, and stated that he surrendered principal, such would be in effect a surrendering of principal under Vernon's Ann. Code Cr. Proc. 1916, art. 330.

**3. Bail ⚖️➔92—Question whether surety surrendered principal to deputy sheriff submitted to jury.**

Where there was controversy over facts as to whether or not surety surrendered principal to deputy sheriff, while principal was in jail, such was matter that trial court should have submitted to jury under proper instructions.

Commissioners' Decision.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Proceeding by the State of Texas against Jack Rachel and others. From a judgment nisi on a forfeited bail bond, defendants appeal. Reversed and remanded.

Geo. W. Johnson, of New Boston, for appellants.

Sam D. Stinson, State's Atty., of Greenville, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. This is an appeal by W. B. Tharp from the judgment of the district court of Bowie county making a judgment nisi on a forfeited bail bond final; the said appellant being surety on a bail bond of said Jack Rachel, the principal.

The record discloses that the principal was charged by indictment in said court with unlawfully selling intoxicating liquor, and the appellant and others went on his bail bond for his appearance before said court, and that afterwards the said principal, Jack Rachel, was again indicted in said court for perjury, and upon said perjury charge was confined in jail, and, while the said principal, Jack Rachel, was confined in the jail in said county, the appellant approached the chief deputy sheriff, Shaffer, and stated to him that he was going to give Rachel up, and the deputy said that there was no use in that, that he did not have to do that, and further

stated that Judge Carney was not going to let him out on bond, and that he was automatically off of that bond, to which the appellant replied, "Well, I want to surrender him, and I told him to make new bonds for the other four I was on." There was other evidence introduced by the appellant through the witness Thomas to the effect that he heard the conversation between the appellant and the deputy sheriff and heard the appellant tell the deputy sheriff that he wanted to get off the bonds, and heard him state "he is in jail, and I want to surrender him to you," and heard the deputy tell the appellant that he did not think there was any danger of Rachel getting out, that the judge himself was going to approve his bonds from then on, and that he did not believe that said principal could make a bond the judge would approve.

Deputy Sheriff Shaffer, on behalf of the state, testified, in substance: That while the principal, Rachel, was in jail on a perjury charge he had a talk at the police station with the appellant, in which the appellant said he was going to get off of the bonds, and said something about getting off of Rachel's bond, and that he replied, "Well, so far as that was concerned it looked to him like he was automatically off, that he was in jail and could not make bond." That he could not exactly recall what the appellant expressed to him, and could not remember that the appellant said he was surrendering Rachel to him, but was impressed that he wanted to give Rachel up and get off the bond. The record discloses that after this conversation said Rachel made a bond in the perjury case which was accepted by the sheriff of said county, and was released from jail without having made any new bonds in the case that the appellant was surety for him, one of which was the bond forfeited in question in this case. Upon the trial of the case, after hearing the testimony, the court instructed the jury to return a verdict for the state. This is a sufficient statement of the facts in the case upon which to base this opinion.

The appellant contends that the court committed error in instructing a verdict for the state and in not instructing a verdict in his favor, and presented a special charge requesting an instructed verdict in his behalf and a special charge requesting the court to charge the jury that, if they believed said appellant surrendered said principal to said deputy sheriff Shaffer, to return a verdict in his behalf, both of which charges were refused by the court. Boiled down to the last analysis, this case is before this court for a review upon the sole question of whether or not a surety on a bail bond can surrender his principal under the facts and circumstances above set out, and whether or not article 330, Vernon's C. C. P. 1916 is appli-

cable to the issue raised in the instant case, which is as follows:

"Those who have become bail for the accused, or either of them, may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff in the county where he is prosecuted."

[1] In other words, under the statutes of this state we have two modes by which sureties may relieve themselves on bail bonds—one is by delivering the principal to the sheriff in person, and the other is by obtaining a warrant and having him arrested under article 333, C. C. P. The question before us is to decide whether or not the acts of the appellant as above set out constitute a surrender under article 330, supra, as there is no contention that he attempted to secure a warrant and have the principal rearrested. We have been unable to find any case directly in point in this state, but the appellant's attorneys cite us to the case of State v. Lawrence, 46 S. D. 599, 195 N. W. 441, by the Supreme Court of South Dakota, wherein the facts are somewhat similar to the instant case. It appears in that state they had a statute somewhat similar to the statute in question, whereby the surety might arrest his principal at any time before being discharged and to deliver him to the sheriff or the proper officer whose duty it was to take him forthwith before the proper court at the request of such bail, and said court or judge should recommit him to the custody of the sheriff after giving notice to the state's attorney. In that case the facts show that the sureties went to the sheriff and stated to him that they desired to be released from said bond and surrender said Lawrence, their principal; at this time the principal was in jail upon another charge, and the sheriff replied that he would see that they were released, and that afterwards the principal escaped and the trial court forfeited the bond and held the sureties liable therefor. The Supreme Court, in rendering the opinion, stated that it was manifestly not a literal compliance with the provision of the statutes, and stated that the bail could not then produce and surrender the principal because he was then under the control of the state and in the hands of the very officer to whom they otherwise would and should have surrendered him, and held that such facts constituted a surrendering of the principal by the sureties, and the fact that the sheriff failed to take the prisoner before the court as required by law would not be binding upon said sureties.

In the case of the State v. Trahan, 31 La. Ann. 715, the Supreme Court of Louisiana under similar facts as in the instant case, and wherein one of the sureties on the bail bond of his principal while said principal was confined in jail upon another charge went to the sheriff and told him he wanted to surrender the prisoner to him, to which the sheriff replied it was all right, he would cancel the bond. This conversation took place in the courthouse, and the sheriff informed the prisoner and indorsed on the bond that one of the sureties had surrendered the prisoner to him within the four walls of the prison. Thereafter the prisoner broke jail and escaped, and the trial court held that the surety was liable on the bond, and that his principal had not been surrendered. It appears from said decision that in that state they had a statute that a surety could surrender his principal in open court or to the sheriff within the four walls of the prison. The Supreme Court, in rendering the opinion in construing the statutes as to whether or not the facts stated were in compliance with the statute requiring the sureties to surrender the principal to the sheriff within the four walls of the prison stated:

"In the present case the surety could not bring the principal in open court, because he was in jail under a conviction in another case and was held for sentence thereunder. He was thus within the four walls of the prison. Must the surety have got access to the prison, and there in the sheriff's presence have surrendered the prisoner? The object of the requirement that a surrender must be made in open court or within the prison, and not otherwise, is to prevent a surety from doing that act in such way or at such time as will imperil the safe custody of the prisoner, as for instance, by delivering a principal to a sheriff when he has not the means to put him in custody. But if the principal is already in one of the places where the statute says he must be when surrendered, viz. in prison, what need can there be for his surety to do more than to make a formal surrender of him in unmistakable language? * * * If bail are not entitled to an exonerator upon such surrender as this, then it would be necessary to hold that they must go through the dumb show of getting the sheriff to lead the prisoner out of his cell, only that the bail might instantly lead him back into it, and there deliver him."

[2, 3] The court held under those facts the surrender was complete. From the facts in this case and the decisions, supra, we are forced to the conclusion, if the undisputed evidence shows that the appellant's principal was then confined in jail, that in truth and in fact he went to the deputy and told the deputy that he then surrendered his principal, that such would in law be in effect a surrendering of the principal under our C. C. P. art. 330, and that it would not be necessary for him to do the unreasonable thing of going into jail with the sheriff and there going through an unnecessary formality as stated by the Supreme Court of Louisiana. However, in the instant case, if there was a controversy over the facts as to whether or not the surety did surrender the principal to the deputy sheriff at the time and place in question, then that was a matter that the trial

court should have submitted to the jury under proper instructions.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.