## CLAUDE CRAIN v. STATE.

No. A-9632. May 19, 1939.

(90 P. 2d 954.)

C. Wayne Stevens, of Newkirk, for applicants.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for respondent.

DOYLE, P. J. The application filed in this court on May 15, 1939, sets forth the following facts: That on December 19, 1938, plaintiff in error, Claude Crain, was convicted in the district court of Ottawa county of the crime

of larceny of domestic animals, and was sentenced to serve a term of 10 years in the state penitentiary; that his appeal bond fixed in the sum of $2,000 was made and executed by said principal, sureties, J. H. Mefford and Emma Mefford, applicants herein, and was duly approved by the court clerk of Ottawa county March 25, 1939; that from the judgment the appeal was duly perfected, the petition in error with case-made filed April 26, 1939; that the said Claude Crain is in the custody of the sheriff in the county jail of Ottawa county.

That a certified copy of said supersedeas bond, with endorsements thereon as provided by law, was delivered to the sheriff of Ottawa county. On May 9th, applicants filed their motion in the district court of said county, requesting the court to recommit said defendant, and to enter an order releasing and discharging J. H. Mefford and Emma Mefford, as sureties on the appeal bond of said Claude Crain.

That upon the hearing of said motion, the court found that said district court was without jurisdiction to entertain said motion, because an order releasing sureties on the appeal bond, after the appeal is perfected, can only be entered by the appellate court.

"Applicants further state that they are desirous at this time of being released as sureties of the defendant Claude Crain on the supersedeas bond heretofore made in said cause. That said defendant is now in the custody of the sheriff of Ottawa county, Okla., but may be released at any time to the sheriff of Delaware county, Okla., to answer a charge pending in the district court of Delaware county. That extradition proceedings were attempted by the state of Missouri since the conviction of said defendant on charges of felony that were unknown to these applicants at the time of execution of said supersedeas bond.

"Wherefore, said applicants pray the court that they be released and exonerated as sureties on the supersedeas bond of Claude Crain in the appeal now pending before

this court, and that said court make such order recommitting said defendant Claude Crain and to grant such other and further relief as may be necessary to exonerate and release the sureties J. H. Mefford and Emma Mefford."

Attached to said petition is a certified copy of said supersedeas bond, with endorsements thereon, as provided by law; also the findings and order of said Wm. M. Thomas, district judge, concluding as follows:

"The court further finds that a certified copy of the supersedeas bond, with proper indorsement of sureties thereon, as provided by law, has been delivered to the sheriff of Ottawa county, and that the defendant is in the custody of the sheriff of Ottawa county and in jail at this time. That proper notice, as provided by law, was given the county attorney of Ottawa county of said motion, and that the sureties appeared by their attorney, C. Wayne Stevens, of Newkirk, Okla."

When an appeal is perfected, and the crime is a bailable one, pending the appeal, this court will, on proper showing, make all necessary orders relating to bail. Killough v. State, 6 Okla. Cr. 311, 118 P. 620.

Our Code of Criminal Procedure provides that sureties on an appeal bond have the right to terminate at any time the responsibility assumed by them by surrendering their principal into custody of the proper court or officer.

Section 2819, 22 Okla. Sts. Ann. sec. 1107, reads as follows:

"Any party charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the state; or by a written authority indorsed on a certified copy of the recognizance, bond or undertaking, may empower any officer or person of suitable age and discretion, to do so, and he may be surrendered and delivered to the proper sheriff or other officer, before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail the court, judge or magistrate shall recommit the party so arrested to the

custody of the sheriff or other officer, and indorse on the cognizance, bond or undertaking, or certified copy thereof, after notice to the county attorney, and if no cause to the contrary appear, the discharge and exoneration of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law."

And further provides, section 3196, as amended Session Laws, 1935, ch. 17, art, 5, p. 20, 22 Okla. St. Ann. sec. 1058:

"If an appeal is taken and the appeal bond given as provided in the preceding Section * * *. After the determination of the appeal in the Criminal Court of Appeals, or if the appeal is not perfected as provided by law, the defendant may be surrendered by the sureties to the proper authorities for the execution of the sentence. If the defendant be adjudged to be incarcerated in any penal institution and/or to pay a fine, said sureties shall be relieved of liability for such fine and costs upon surrender of the defendant to the proper authorities for incarceration pursuant to the judgment and prior to forfeiture of the bond."

In American Jurisprudence, vol. 6, p. 112, sec. 165, it is said:

"The surety, in assuming the obligation of bail, becomes in law the jailer of his principal and has custody of him. This custody is merely a continuance of the original imprisonment. The sureties are subrogated to all the rights and means which the state possess to make this control effective. Whenever they choose to do so, the sureties may seize their principal and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent."

And in section 167 we find this statement:

"At common law no process is necessary to authorize the arrest of the principal by his bail. The statutory requirements vary in this connection according to the jurisdiction, in some of which it is provided by statute that the bail may arrest the principal on a bailpiece or certified

copy of the recognizance." Annotation: 3 A.L.R. 188; 73 A.L.R. 1370.

In 8 C. J. S., Bail, § 87, page 170, we find this language:

"This right may properly be conferred by statute, and, indeed, it has been held that statutes authorizing the surety to surrender his principal are merely declaratory of the common law. Bail on appeal from a conviction may also surrender their principal and be relieved from liability on the undertaking, except that, where the undertaking of bail is to pay the fine, or such part thereof as the appellate court may direct, a surrender to serve sentence, or imprisonment until the fine is paid, cannot discharge such express undertaking to pay the fine."

In the case of McIntosh v. State, 97 Okla. 134, 224 P. 702, the Supreme Court held:

"A certified copy of the bond in a criminal case delivered to the sheriff constitutes due process and authorizes the officer to apprehend and arrest the defendant, and, when arrested and detained by the sheriff, the sheriff becomes the custodian of the defendant, and the bondsmen are exonerated from liability on the bond."

The question presented is whether the acts performed in the attempted surrender amount in law to a surrender within the purport of the statute. This application differs from the ordinary applications only in the fact that the principal was in custody, and not at large when the surrender was made.

In our opinion this difference in no way affects the right of surrender. Certainly, if the bail may surrender the custody of the principal to the sheriff at any time while he is at large, they may do so after his arrest on another charge, provided, of course, that the officer to whom they make the surrender may take him into custody. This might not be the fact if the officer to whom the surrender could be made is not the officer having him in custody on the other charge. In the present instance the officer then hav-

ing the principal in custody was the officer entitled to his custody on the surrender of the bail, and after the surrender he but held him in custody on charges additional to the one on which he was then held.

Under a Washington statute providing for exoneration of bail by their surrender of the principal, it is held that a surrender may be made, although the defendant is in jail on another charge at the time. State v. Williams, 127 Wash. 658, 221 P. 289.

Under a statute providing that "those who become bail for an accused may at any time relieve themselves of their undertaking by surrendering the accused into the custody of the sheriff, in the county where he is prosecuted, 'it was held it would be a sufficient surrender of a defendant then in jail upon a second charge that the surety went to the deputy sheriff, as claimed, and "told the deputy that he then surrendered his principal," and that' it would not be necessary for him to do the unreasonable thing of going into jail with the sheriff and there going through an unnecessary formality." Rachel v. State, 102 Tex. Cr. 97, 277 S. W. 649. Annotation, 73 A.L.R. 1374.

Upon the record before us, this court is of the opinion that the surrender was properly made.

It is therefore considered, adjudged and ordered that the sureties on the appeal bond, given in this case, be exonerated and discharged, and the clerk of the district court of Ottawa county is directed to issue forthwith to the sheriff of said county a commitment in accordance with the judgment of the court, as pronounced and entered on the verdict of the jury.

BAREFOOT and DAVENPORT, JJ., concur.