**Edward Lewis HUDSON, Plaintiff-in-Error,**

v.

**The STATE of Oklahoma, Defendant-in-Error.**

.No. A–13177.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1962.

See also 374 P.2d 923.

Wayne E. Wheeling, Wm. H. Lewis, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is a special proceeding in this action, wherein Edward Lewis Hudson is plaintiff in error, and the State of Oklahoma is defendant in error. In such proceeding, the plaintiff in error petitions for new bail to be set by this court.

It appears from the record before us that petitioner was convicted in the district court of Oklahoma County, in case No. 26972, and thereafter posted an appeal bond in the sum of $5,000. Such conviction was thereafter appealed to this court.

It further appears that the petitioner's surety, Doc E. Williams, was released from said appeal bond upon the surrender of the petitioner to the sheriff of Oklahoma County. Upon such surrender Judge G. Michael Tapp, acting as presiding judge of the district court of Oklahoma County, entered an order exonerating Doc E. Williams upon the appeal bond so made and approved in said case.

These proceedings were had in keeping with the provisions of 22 O.S.1961 §§ 1107 and 1058, hereinafter quoted and discussed in the case of Crain v. State, 66 Okl.Cr. 228, 90 P.2d 954, wherein this court said:

"Our Code of Criminal Procedure provides that sureties on an appeal bond have the right to terminate at any time the responsibility assumed by them by surrendering their principal into custody of the proper court or officer.

"Sec. 2819, 22 Okl.Sts.Ann. sec. 1107 [22 O.S.1961 § 1107] reads as follows:

" 'Any party charged with a criminal offense and admitted to bail may be arrested by his bail at any time before they are finally discharged, and at any place within the State; or by a written authority indorsed on a certified copy of the recognizance, bond or undertaking, may empower any officer or person of suitable age and discretion, to do so, and he may be surrendered and delivered to the proper sheriff or other officer, before any court, judge or magistrate having the proper jurisdiction in the case; and at the request of such bail the court, judge or magistrate shall recommit the party so arrested to the custody of the sheriff or other officer, and indorse on the cognizance, bond or undertaking, or certified copy thereof, after notice to the county attorney, and if no cause to the contrary appear, the discharge and exoneration of such bail; and the party so committed shall therefrom be held in custody until discharged by due course of law.'

"And further provides, Sec. 3196, as amended Session Laws, 1935, Ch. 17, art. 5, p. 20, 22 Okla.St.Ann. Sec. 1058 [22 O.S.1961 § 1058]:

" 'If an appeal is taken and the appeal bond given as provided in the preceding Section * * *. After the determination of the appeal in the Criminal Court of Appeals, or if the Appeal is not perfected as provided by law, the defendant may be surrendered by the sureties to the proper authorities for the execution of the sentence. If the defendant be adjudged to be incarcerated in any penal institution and/or to pay a fine, said sureties shall be relieved of liability for such fine and costs upon surrender of the defendant to the proper authorities for incarceration pursuant to the judgment and prior to forfeiture of the bond.'

"In American Jurisprudence, Vol. 6, p. 112, Sec. 165, it is said:

" 'The surety, in assuming the obligation of bail, becomes in law the jailer of his principal and has custody of him. This custody is merely a continuance of the original imprisonment. The sureties are subrogated to all the rights and means which the state possess to make this control effective. Whenever they choose to do so, the sureties may seize their principal and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent.'

"And in Section 167 we find this statement:

" 'At common-law no process is necessary to authorize the arrest of the principal by his bail. The statutory requirements vary in this connection according to the jurisdiction, in some of which it is provided by statute that the bail may arrest the principal on a bail-piece or certified copy of the recognizance.' Annotation: 3 A.L.R. 188; 73 A.L.R. 1370.

"In 8 Corpus Juris Secundum, Bail, § 87, page 170, we find this language:

" 'This right may properly be conferred by statute, and, indeed, it has been held that statutes authorizing the surety to surrender his principal are merely declaratory of the common-law. Bail on appeal from a conviction may also surrender their principal and be relieved from liability on the undertaking, except that, where the undertaking of bail is to pay the fine, or such part thereof as the appellate court may direct, a surrender to serve sentence, or imprisonment until the fine is paid, cannot discharge such express undertaking to pay the fine.'

"In the case of McIntosh v. State, 97 Okl. 134, 224 P. 702, the Supreme Court held:

" 'A certified copy of the bond in a criminal case delivered to the sheriff constitutes due process and authorizes the officer to apprehend and arrest the defendant, and, when arrested and detained by the sheriff, the sheriff becomes the custodian of the defendant, and the bondsmen are exonerated from liability on the bond.' "

The foregoing proceedings were in keeping with the statutory provisions of the state of Oklahoma and meet with the approval of this court. The surrender of appellants on their appeal bonds to the sheriff, as hereinbefore set forth, is basically sound, as a practical matter, since this court is without the facilities to receive and hold in custody such surrendered appellants. We are of the opinion the same meets the specifications of the statutory provision in such cases. Such procedure applies in such cases only as to surrender and exoneration of the appeal bonds, otherwise the lower court is without authority to proceed any further into the matter of new appeal bonds, as was said in Crain v. State, supra:

"When an appeal is perfected, and the crime is a bailable one, pending the appeal, this court will, on proper showing, make all necessary orders relating to bail. Killough v. State, 6 Okl. Cr. 311, 118 P. 620."

It is therefore apparent when the appeal has been perfected, any new bail application must be made to the Court of Criminal Appeals for all necessary orders as to allowing, fixing amount of appeal bond, and as to who may approve the same.

The court is of the opinion that the petitioner has properly applied to this court for new bond, which has been set at Five Thousand ($5,000.00) Dollars, such bond to be approved by the Clerk of the district court of Oklahoma County, Oklahoma, as the agent of this court.

NIX, P. J., and BUSSEY, J., concur.