People of the State of Illinois, Plaintiff-Appellee, v. John M. Gratton, Principal, and Wabash Fire & Casualty Insurance Company, Surety, Defendant-Appellant.

Gen. No. 49,946.

First District, Third Division.

November 18, 1965.

80

Jerome Rotenberg, Rotenberg, Schartzman & Richards, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, and Joseph V. Roddy, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Defendant, Wabash Fire & Casualty Insurance Company (hereinafter referred to as Wabash), the surety on a supersedeas bond issued on behalf of John M. Gratton, principal, appeals from a judgment in a scire facias action entered against it in the Criminal Court of Cook County in the amount of $15,000 in favor of the plaintiff, People of the State of Illinois. The supersedeas bond was issued on June 29, 1962, on behalf of the principal on a conviction which was being appealed to the Supreme Court of Illinois. The Supreme Court issued an order of affirmance in the appealed cause on October 16, 1963, and said order was filed with the clerk of the criminal court on October 21, 1963.

One of the conditions of the bond was that if the conviction of John M. Gratton was affirmed in the Supreme Court, "he shall and will surrender himself to the

Sheriff of Cook County, Illinois, from whose custody he is bailed. . . ."

On November 5, 1963, without notice to either defendant, surety or principal, the court entered an order forfeiting the aforesaid supersedeas bond. A scire facias on recognizance was then issued by the clerk of the criminal court on December 12, 1963. This recited that since the defendant Gratton was called three times in court and did not answer, a default had been entered, and both defendants were to be summoned by the sheriff of Cook County to personally appear before the Criminal Court and show cause why the bond forfeiture should not be made absolute.

On February 10, 1964, the surety filed a petition to vacate the bond forfeiture, and the plaintiff filed an answer to the petition on March 11, 1964. Subsequently, evidence was presented by the surety in support of its petition, and by the plaintiff in opposition to the petition.

The evidence presented at that time showed that John Quirk, an agent of Wabash, had received a telephone call on October 29, 1963, from the general agent of Wabash advising him that the defendant Gratton was in a barber shop located at 59th and State Streets in Chicago. He was instructed to go there and pick up Gratton and surrender him to a deputy sheriff. Quirk stated that he then went to the sheriff's office located in the Criminal Court Building and inquired as to the capias for Gratton's arrest. Deputy Sheriff Arthur Walthers told him that he had the capias and that he would go with Quirk and serve it upon the defendant. Walthers got the capias, the two men proceeded to 59th and State Streets in Walthers' auto, and they were met there by two other bondsmen, Smith and Knight, not connected with Wabash.

Gratton came out of the barber shop and was told that he was going to be taken into custody. Gratton agreed to this and got into the back seat of Deputy Walthers'

auto. The auto in question was used by the deputy in his official duties as a deputy sheriff. At the time, the deputy had handcuffs on his person, but did not use them on Gratton.

At this point, there was a conflict in the testimony as to what was said by the various parties when Gratton asked to be taken to see his brother. Quirk, agent of Wabash, testified that when the defendant asked to be taken to his brother's restaurant, Deputy Walthers immediately asked the defendant where it was located. Quirk stated that he said nothing. Deputy Walthers testified that one Taylor (later testimony showed that he meant bondsman Knight, and not Taylor) stated to him that Gratton was to be taken to see his brother. Walthers then said that he asked Quirk about it, and he replied, "He's all right, he won't give you any trouble. I know the whole family." However, Walthers later admitted on cross-examination that Quirk did not tell him where to drive the automobile.

Knight, the bondsman, testified that he merely asked where they were going with the defendant, and the deputy replied that Gratton wanted to see his brother before he went in.

Upon arriving at the restaurant, everyone went inside. After a short time Gratton went into the kitchen and disappeared.

After hearing all of the evidence offered by the defendant and the plaintiff, the court entered an order denying the defendant surety's motion to vacate the previous bond forfeiture and dismiss the scire facias action. The surety then stated it was ready for trial, desired a jury trial, and asked that its petition to vacate stand as the answer to the scire facias. The court allowed the petition to stand as an answer but denied the demand for the jury trial. Without any evidence being given by the plaintiff in support of the allegations in the scire facias,

the court then entered judgment in favor of the plaintiff and against the defendants.

■ The court, based on the evidence presented in support of the surety's petition to vacate, should have dismissed the scire facias action and vacated the bond forfeiture against the surety.

The surety contends that all of the conditions of the bond had been complied with, and therefore there was no reason for the bond to be forfeited. With this contention we are in full agreement. The conditions on the bond were "that the said John M. Gratton will appear at said Criminal Court of Cook County, as and when the court may direct, until the determination of said Writ of Error, and will not, at any time depart the court without leave, and that in case said judgment of the said Criminal Court is affirmed, he shall and will surrender himself to the Sheriff of Cook County, Illinois. . . ." Likewise, the supersedeas order of the Supreme Court, and the scire facias issued by the clerk of the criminal court also provide that upon affirmance of his conviction, Gratton was to surrender himself to the sheriff of Cook County.

■ The facts of the case show that Gratton was taken into custody by Deputy Sheriff Walthers, who had the capias issued for the defendant. There was no obligation for Gratton to appear in court after the affirmance of the conviction by the Supreme Court. As noted above, only before the affirmance of the conviction of Gratton was he to appear in court "as and when the court may direct." The plaintiff mistakenly proceeded in the scire facias action on the grounds that the defendant Gratton did not appear in court as required. The plaintiff's answer to defendant's surety's petition states in support of its case that "the Principal-Defendant failed to appear in court at the required time. . . ." This he was not required to do.

There was no obligation to surrender the defendant Gratton in open court. The terms of the bond clearly

84

state that he was to surrender himself to the sheriff of Cook County after affirmance by the Supreme Court. This was done when he was turned over to the deputy sheriff and placed in his car. In People v. Paulsen, 146 Ill App 534, it was held that when the arrest of the principal was made by the authority of the surety, the surrender was complete and effective to discharge the surety from any liability on the recognizance.

The plaintiff contends that there was never sole control of Gratton by the deputy. At most, it contends, Gratton was in joint custody of a deputy sheriff and a bondsman. This contention is without merit. The deputy admittedly had the capias in his possession for the arrest of the defendant, and as soon as the defendant entered the auto of the deputy he was from that time in the custody of the sheriff of Cook County.

Even if the agent of the surety, when the defendant asked to be taken to see his brother, said that the defendant was all right and would cause no trouble, it is immaterial to the decision of this case. The deputy had the capias and the defendant was in his auto. Therefore, the defendant was in the custody of the sheriff and nothing said by the surety could change the question of custody.

The surety should not be penalized for the negligence of the deputy sheriff in the instant case. The deputy had his handcuffs with him, and should have placed them upon the defendant as soon as he was taken into custody. Certainly the deputy should not have permitted the defendant to roam around the restaurant, thereby inviting an escape.

Lastly, the Illinois statutes provide that the surety may surrender the principal to the proper officer at any time before default upon the bond "by producing a certified copy of the recognizance, and, in person or by agent, accompanying the officer to receive the person arrested. . . ." (Ill Rev Stats 1963, c 38, § 621.) Though

the surety did not provide the deputy with a certified copy of the bond as required by the statute, this was an unnecessary act because the deputy had the capias for the defendant Gratton. In State v. Lawrence, 46 SD 599, 195 NW 441, the court dealt with a statute similar to the aforementioned Illinois statute. There was not strict compliance with that statute, and the court stated at page 602 of the opinion: "They did not present to the sheriff a certified copy of the bond, it is true, but that would have been superfluous, because the sheriff told them he had the original. It was the sheriff's duty, not that of the sureties, to thereupon forthwith take the prisoner to the court or magistrate having jurisdiction. This he did not do, but under the circumstances such neglect cannot be charged to the sureties."

██ The surety also contends that it was denied a jury trial by the court in the scire facias proceeding. Since we have disposed of this appeal on other grounds, we do not reach this point.

The judgment of the Criminal Court of Cook County is reversed as to the defendant Wabash Fire & Casualty Insurance Company, and the trial court is instructed to vacate the bond forfeiture as to the surety.

Reversed and remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.