The STATE of Oklahoma, Appellee,

v.

IMPERIAL INSURANCE COMPANY, a corporation, and Steven W. Woods, Appellants.

No. 45822.

Supreme Court of Oklahoma.

Sept. 25, 1973.

Curtis P. Harris, Dist. Atty., William L. Funk, Asst. Dist. Atty., for appellee.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellants.

IRWIN, Justice:

This appeal involves the forfeiture of an appearance bond wherein Charles Eddie Dover, Sr., due to certain misrepresentations that his true name was John Oliver Dover, was charged with a criminal offense, arrested, arraigned, and released on an appearance bond under the name of John Oliver Dover. He failed to appear

as scheduled and the appearance bond was ordered forfeited. The order of forteiture entered on March 21, 1972, also named John Oliver Dover as the defendant who failed to appear and against whom the forfeiture was ordered.

Appellants, the sureties on the appearance bond, filed their motion to set aside the order of forfeiture. The trial court denied appellants' motion and they appealed.

The record discloses that on February 12, 1972, an alleged felonious assault was committed upon Charles Eddie Dover, Jr., the minor son of Charles Eddie Dover, Sr., and the complaint was filed on March 1, 1972. The complaint listed the address of the alleged John Oliver Dover as being the same as the complaining witness. Since Charles Eddie Dover, Sr., had been in previous trouble, Charles Eddie Dover, Jr., went along with the instructions of his father and mother of using the name of John Oliver Dover as the name of the person who had assaulted him. John Oliver Dover had died on November 8, 1965, and was the father of Charles Eddie Dover, Sr., and the grandfather of Charles Eddie Dover, Jr.

Charles Eddie Dover, Sr., at the time of his arrest gave his name as John Oliver Dover and he signed the appearance bond as John Oliver Dover. It was not until after the order of forfeiture had been entered that appellants found that the alleged John Oliver Dover was in fact Charles Eddie Dover, Sr.

The defendant was arrested and arraigned on March 7, 1972, and released on the appearance bond on March 13, 1972. During this period of time, and prior to the time the appearance bond was executed and defendant was released, the Sheriff's office of Oklahoma County learned the true identity of the alleged John Oliver Dover and the name of Charles Eddie Dover, Sr., was written on the Sheriff's record. The true identity or name of the defendant was not brought to the attention of the court until after the forfeiture had been entered.

The woman who made arrangements with appellants for the appearance bond represented herself as Mrs. John Oliver Dover, and the wife of defendant. She told the appellants her address. She was, in fact, the mother of defendant. Appellants, before executing the appearance bond did not make an investigation to determine if her statements were true and made no investigation until the defendant failed to appear.

Appellants contend that State's action in failing and refusing to apprise them of the correct name and identity of the defendant constituted a breach of its duty and a defense to the forfeiture. Appellants argue they did not see defendant prior to the execution of the bond; and would not have executed the appearance bond had they known defendant's true identity because of the several criminal charges that he had had against him.

State argues that the issue presented is whether a bail bondsman is exonerated for a defendant's failure to appear when it is shown that the name appearing on the bond is fictitious or erroneous and not the true name of the defendant.

The record reflects that in many instances defendants charged with a crime give wrong names and it is not until an investigation has been made that it is possible to establish their true names.

 For a valuable consideration, the appellants secured the release of the defendant on the appearance bond. Appellants, in assuming the obligations of the appearance bond, became in law the jailer of the defendant and had custody of him and had the right to terminate at any time the responsibility assumed by them by surrendering the defendant to the proper authority. Hudson v. State (Okl.Cr.), 375 P.2d 164. Had the defendant been tried and convicted of the crime under the name of John Oliver Dover, he would not have been entitled to set the conviction aside on

the grounds that his true name was not used. In re Duty (Okl.Cr.), 318 P.2d 900.

An appearance bond in a criminal proceeding is in the nature of a contract between the State on the one side and the defendant and his sureties on the other. A contract or obligation may be entered into by a person by any name he may choose to adopt. The law looks only to the identity of the individual and when that is clearly established, the contract, when free from fraud, will be binding on all parties. North American Acc. Ins. Co. v. Canady, 196 Okl. 105, 163 P.2d 221.

59 O.S.1971 § 1326, which relates to bail bondsmen, provides that no undertaking shall be invalid, nor shall any person be discharged from his undertaking, nor a forfeiture thereof be stayed, set aside or reversed, the collection of any such judgment be barred or defeated by reason of any defect of form, omission or recital or of condition; or because of any other irregularity.

We hold that where a defendant in a criminal proceeding is charged under a fictitious name and appears generally and submits to arraignment without objection to the name used, and obtains his release on an appearance bond under the fictitious name, a surety on the appearance bond is not exonerated from liability on the grounds that the defendant was charged and arraigned under a fictitious name, and was released on the appearance bond under a fictitious name.

The State did nothing in the case at bar that prejudiced the rights of the appellants. Appellants alone determined that for a valuable consideration they would act as sureties on the appearance bond of the defendant. The defendant was released on the appearance bond and failed to appear. The fact that defendant was neither charged, arraigned nor released on the bond under his true name, will not operate to discharge the appellants from their obligations under the appearance bond.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

BARNES, J., dissents.